UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-7741-CIV-DIMITROULEAS

WESTSIDE EKG ASSOCIATES,

Magistrate Judge Seltzer

    Plaintiff,

vs.

CIGNA HEALTHCARE OF FLORIDA, INC., FOUNDATION
HEALTH, A FLORIDA HEALTH PLAN, INC., HEALTH
OPTIONS, INC., HIP HEALTH PLAN OF FLORIDA, INC.,
HUMANA MEDICAL PLAN, INC., f/k/a PCA FAMILY
HEALTH PLAN, INC., HUMANA MEDICAL PLAN, INC.,
f/k/a PCA HEALTH PLANS OF FLORIDA, INC., HEALTH
OPTIONS CONNECT, INC., f/ka PRINCIPAL HEALTH CARE
OF FLORIDA, INC. and AETNA U.S. HEALTHCARE, INC.,
f/k/a PRUDENTIAL HEALTH CARE PLAN, INC.,



    Defendants.
_____/

## ORDER GRANTING REMAND AND DISMISSING CASE

THIS CAUSE is before the Court upon Plaintiff Westside EKG Associates' Motion for Remand [DE 6], Defendants Cigna Healthcare of Florida, Inc., Humana Medical Plan, Inc., and Aetna U.S. Healthcare, Inc.'s Memorandum of Law in Opposition [DE 26], Defendants Health Options, Inc. and Health Options Connect, Inc.'s Response [DE 28], and Plaintiff's Reply [DE 32]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Westside EKG Associates, physicians that rendered medical services to Defendants' insureds,[1] filed this action in Broward County Circuit Court alleging that the Defendant health

---

[1] Westside EKG contends that it is a third party beneficiary to patients' insurance policy benefits, but never treated Defendants' insureds directly, rather, Plaintiff states that it is an independent contractor rendering professional services to two hospitals where insureds were treated.



plans failed to pay outstanding claims within 45 days and/or failed to pay interest owed on such claims in violation of Florida Statutes § 627.613 and § 641.3155. Specifically, Plaintiff's Complaint is a three count state class action for medical services rendered, breach of third party beneficiary contract and declaratory judgment.

On November 14, 2001, Defendants CIGNA, Humana and Aetna removed the case to this Court pursuant to 28 U.S.C. § 1331, claiming that Plaintiff's state claims are completely preempted by ERISA, the Federal Employees Health Benefits Act ("FEHBA") and the federal Medicare Act. Plaintiff then filed its Motion to Remand [DE 6] arguing that this Court does not have federal question jurisdiction over Plaintiff's state law claims.

## DISCUSSION

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Moreover, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. Burns, 31 F.3d at 1095. When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop.& Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Under the "complete preemption" doctrine, a narrow class of claims are so "necessarily federal" that they always permit removal to federal court. In these cases, a state cause of action is converted into a federal one, thereby creating removal jurisdiction. Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 64-65 (1987); Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968). In contrast, ordinary or conflict preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court. BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, 182 F.3d 851, 854 (11th Cir. 1999); Ramirez v. Humana, Inc., 119

F.Supp.2d 1307, 1309-10 (M.D. Fla. 2000). Although a party may have ordinary preemption as a defense to state law claims, when complete preemption does not apply, the district court does not have removal jurisdiction and cannot resolve the preemption dispute. In the absence of complete preemption, the district court must remand the case to state court. Metropolitan Life Ins. v. Taylor, 481 U.S. at 64-65; Lakeland Anesthesia, Inc. v. Louisiana Health Service & Indemnity Co., 2000 WL 1801834 *5 (E.D. La.) (citing Copling v. The Container Store, 174 F.3d 590, 595 (5th Cir. 1999). The Court concludes for the reasons set forth below that Plaintiff's state law claims are not completely preempted by ERISA, the FEHBA, or the Medicare Act.

### A. ERISA PREEMPTION

ERISA § 514(a) preempts all state laws that "relate to" any employee benefit plan covered by the Act. 29 U.S.C. § 1144. "State law 'relates to' an ERISA plan 'if it has a connection with or reference to such a plan.'. . . However, some state law may affect an ERISA plan in 'too tenuous, remote, or peripheral a manner to warrant a finding that the law relates to the plan.'" Lordmann Enterprises, Inc. v. Equicor, Inc., 32 F.3d 1529, 1533 (11th Cir. 1994) (citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 100 n.21 (1983)). Following Shaw, the Fifth, Tenth, and Eleventh Circuits have all found that state law claims brought by health care providers, as opposed to a participant or beneficiary under a plan, too tenuously affect an ERISA plan to be preempted by the Act. Lordmann, 32 F.3d at 1533; see Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990); Hospice of Metro Denver, Inc. v. Group Health Ins., 944 F.2d 752 (10th Cir. 1991); see also Variety Children's Hospital, Inc. v. Blue Cross/Blue Shield of Florida, 942 F.Supp. 562, 567 (S.D. Fla. 1996); Lakeland Anesthesia, Inc. v. Louisiana Health Service & Indemnity Co., 2000 WL 1801834 *5-7 (E.D. La.).

More recently, the Multidistrict Litigation Court in this District (MDL No. 00-1334-MD-MORENO), handling healthcare cases with similar claims, held that state law claims are not preempted by ERISA where provider plaintiffs bring suit in their independent status as third parties, rather than as assignees of benefits.[2] In re Managed Care Litigation, 135 F.Supp.2d 1253, 1268 (S.D. Fla. 2001), *aff'd,* 285 F.3d 971, 973-74 (11th Cir. 2002)(affirming "in its entirety the district court's order for the reasons set forth in its comprehensive opinion"); see also Blackshear v. United Healthcare of Florida, Inc., MDL. No. 1334, 2000 WL 1925080 (S.D. Fla. May 4, 2001); Cutler v. Humana Medical Plan Inc., No. 00-6301-CIV-MORENO (S.D. Fla. Mar. 6, 2001). Further, the MDL Court, quoting Lordmann, stated that health care providers are not within the scope of ERISA. In re Managed Care Litigation, 135 F.Supp.2d at 1268. "ERISA a fortiori does not preempt claims by health care providers against a plan fiduciary" --- as "health care providers were not parties to the ERISA 'bargain.'" Lordmann, 32 F.3d at 1533-34 (citing Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d at 248-49).

Here, Westside EKG Associates, as a health care provider, seeks damages for medical services rendered and breach of third party beneficiary contract. These state law claims do not affect the "relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries, and the beneficiaries," and as such, are not preempted by ERISA. Hospice of Metro Denver, 944 F.2d at 756; Memorial Hospital, 904 F.2d at 249; Variety Children's Hospital, 942 F.Supp. at 567. Indeed, a suit by a health care provider to recover promised payment from a health plan is distinct from a suit by plan participants against the plan seeking to recover benefits

---

[2] Plaintiff contends that its claims are not brought as a beneficiary under the plan or as an assignee of benefits. Plaintiff's Motion for Remand at 5. The Court notes that this contention comports with the language in Plaintiff's Complaint.

4

under the terms of the plan. Id.; Lakeland Anesthesia, 2000 WL 1801834 at *5-7. Preemption under these circumstances "stretch[es] the 'connected with or related to' standard too far." Id.

In addition, "[u]nder the doctrine of complete preemption, a plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be recharacterized as arising under federal law, subject to federal court jurisdiction. Hobbs v. Blue Cross Blue Shield of Alabama, 276 F.3d 1236, 1240 (11th Cir. 2001) (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1211-12 (11th Cir. 1999)). The Eleventh Circuit Court of Appeals has stated that while it has "allowed healthcare providers to use derivative standing to sue under ERISA, it has only done so when the healthcare provider had obtained a written assignment of claims from a patient who had standing to sue under ERISA as a 'beneficiary' or 'participant.'" Hobbs, 276 F.3d at 1241.

In this case, the defendant health plans, as the parties seeking removal, "had the burden of producing facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). Without proof of an assignment, the derivative standing doctrine does not apply." Hobbs, 276 F.3d at 1242. In Hobbs, the Eleventh Circuit concluded that the district court erred in denying a motion to remand because the health plan had not met its burden of showing that an assignment had occurred. The same is true here. The Hobbs decision unequivocally requires a written assignment of ERISA benefits. Absent such a writing, the defendants have not met their burden of showing by a preponderance of evidence that subject matter jurisdiction is present.

### B. FEHBA Preemption

Next, Defendants argue that because they serve as carriers for many federal employees'

health care plans, Plaintiff's claims are also preempted under the Federal Employees Health Benefits Act (FEHBA). For much the same reason that ERISA does not completely preempt Plaintiff's claims, FEHBA also does not preempt the state law claims. Section 8902(m)(1) of the FEHBA, as amended in 1998, provides that "The terms of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance plans." 5 U.S.C. § 8902(m)(1). Again, the Court concludes that this action brought by a third party health care provider for payment of services does not "relate to" the health insurance plans.[3] See Ramirez v. Humana, Inc., 119 F.Supp.2d 1307, 1313 (M.D. Fla. 2000)(Congress did not intend FEHBA to "completely preempt" state law and confer federal removal jurisdiction); Roach v. Mail Handlers Benefit Plan, CNA, 2002 WL 1766316 *2-3 (9th Cir. 2002) (holding that not all state law claims are preempted under the FEHBA); Lakeland Anesthesia, 2000 WL 1801834 at *9 (provider's breach of contract claims do not "relate to" the FEHBA plan, and thus, are not preempted); Transitional Hospitals Corp. of La. v. Louisiana Health Service, 2002 WL 1303121 *2-*3 (E.D. La. 2002) (detrimental reliance claims brought by a third party provider are not subject to complete preemption under ERISA or the FEHBA); Weathington v. United Behavioral Health, 41 F.Supp.2d 1315, 1319-1321 (M.D. Ala. 1999) (FEHBA did not provide complete preemption and create removal jurisdiction for medical provider's state law claims); Haller v. Kaiser Foundation Health Plan of the Northwest, 184

---

[3] Although the Court agrees with Plaintiff that the FEHBA does not completely preempt Plaintiff's state law claims, the Court relies on different case law, described more fully above. The Court notes that the cases cited for this proposition by Plaintiff are no longer applicable as precedent because their conclusions are based upon FEHBA language that is no longer in effect. In 1998, Congress amended the preemption section of the FEHBA. See 5 U.S.C. § 8902(m).

F.Supp.2d 1040, 1045-48 (D. Ore. 2001) (FEHBA did not completely preempt medical malpractice claim).

Under the FEHBA, claims by third party health care providers are different from claims brought by "participants" or "beneficiaries," such as federal employees under the plan, for purposes of complete preemption. Lakeland Anesthesia, 2000 WL 1801834 at *9. The substance of the claim can also have an effect on whether or not the suit is completely preempted. In cases challenging insurance claim denials or plan procedures, courts have held that the FEHBA completely preempts those state law claims, because the suits "relate to" the plan. See Roach, 2002 WL 1766316 at *3; Transitional Hospitals, 2002 WL 1303121 at *3; Lakeland Anesthesia, 2000 WL 1801834 at *9. However, suits by providers for timely payment, breach of contract, or negligent misrepresentation --- as well as suits by patients for medical malpractice --- do not concern the interpretation or administration of FEHBA (or ERISA) plans; therefore, these types of state law claims are not completely preempted to create removal jurisdiction. Id.; see also Cutler v. Humana Medical Plan Inc., No. 00-6301-CIV-MORENO (S.D. Fla. Mar. 6, 2001). Accordingly, the Court concludes that Westside EKG's claims do not "relate to" FEHBA plans, and therefore, are not completely preempted by the FEHBA.

### C. Medicare Preemption

Finally, Defendants argue that because they are Medicare carriers, Plaintiff's claims are preempted by the Medicare Act. In order to determine whether state law claims are preempted by the Medicare Act, a court must determine whether the claims "arise under" the Act. Ardary v. Aetna Health Plans of Ca., 98 F.3d 496, 499-502 (9th Cir. 1996) (citing Heckler v. Ringer, 466 U.S. 602, 615 (1984)); Hofler v. Aetna U.S. Healthcare of Ca., 2002 WL 1467701 *3-*4 (9th Cir. 2002). A claim "arises under" the Act if (1) the claim relies on the Act for both standing and

7

substance, and (2) the claim is "inextricably intertwined" with the denial of benefits. Heckler, 466 U.S. 613-616; Ardary, 98 F.3d at 499-500; Hofler, 2002 WL 1467701 at *3-*4.

Here, Plaintiff's state law claims for medical services rendered and breach of third party beneficiary contract do not rely on the Medicare Act for standing or substance, and these claims are not "inextricably intertwined" with the denial of benefits. In fact, the claims have nothing to do with the denial of benefits --- Westside EKG simply requests timely payment for services rendered pursuant to Florida law. There is nothing in Plaintiff's Complaint or the Defendants' Response to this motion to indicate that benefits have been denied or challenged.

Moreover, the Court agrees with Plaintiff's contention that Defendants have failed to show by a preponderance of the evidence that any of the claims for payment are actually Medicare claims. Assuming arguendo that the four claims alleged by Defendants to be Medicare claims are in fact Medicare claims, Plaintiff's state causes of action regarding these claims do not "arise under" the Medicare Act.[4] Therefore, the Court concludes that Plaintiff's state law claims are also not preempted by the Medicare Act.[5]

## CONCLUSION

Accordingly, for the reasons set forth above, it is

**ORDERED AND ADJUDGED** that Plaintiff Westside EKG Associates' Motion to Remand [DE 6] is hereby **GRANTED**;

1. This case shall be **REMANDED** to the Circuit Court of the 17th Judicial Circuit in and

---

[4] It also seems illogical that a single Medicare claim is enough to drag this entire suit into federal court.

[5] The Court notes that the force of the Medicare Act's preemption section seems to focus on whether or not a federal court has jurisdiction to review administrative decisions, rather than whether state causes of action are converted to federal ones creating federal removal jurisdiction.

for Broward County, Florida, for lack of subject matter jurisdiction.

2. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. 01016184.

3. All pending motions are **DENIED AS MOOT.**

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6 day of August, 2002.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jene P. Williams, Esq.
Samuel Danon, Esq.
Lisa M. Nobile, Esq.
David A. Bono, Esq.
Richard J. Doren, Esq.
Miguel A. Estrada, Esq.
Mark P. Schnapp, Esq.
Brian P. Brooks, Esq.
Linda J. Smith, Esq.
Raoul G. Cantero, Esq.
Glenn J. Waldman, Esq.
W. Edward McIntyre, Esq.
Edward H. Zebersky, Esq.
Richard Barnett, Esq.